UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

MEHDI MACHKOUR et al.,
                            Plaintiffs,    :

                                                  :

               -against-                :

ESPICES W. 70TH CORP. et al.,
                            Defendants.  :

                                                :
------------------------------------------------------------ X

11 Civ. 688 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       The parties remaining in this case have reached a settlement, which the Court hereby approves.

       The Clerk of Court is directed to terminate this case.

SO ORDERED.

Dated: New York, New York
      August 14, 2012

                                    J. PAUL OETKEN
                            United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 5 2012

COPIES MAILED TO
PRO SE PARTY ON AUG 1 5 2012

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement"), is effective as of the 20th day of March, 2012, by and between Plaintiffs Mehdi Machkour and Adam Purzynski (hereinafter, collectively, "Employees") on the one and, and on the other, Defendants Epices Inc. f/d/b/a Epices du Traiteur, Defendant Ali Naouia, and Defendant Ali Naouia's wife Dorothy Naouia (hereinafter, collectively, the "Naouia Defendants"). The Defendants may sometimes be referred to herein collectively as the Employer. Employer and Employees may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

## W I T N E S S E T H:

**WHEREAS**, Employees previously worked for Employer;

**WHEREAS**, a dispute arose between Employees and Employer regarding compensation and/or the reasons for Employees' termination from employment; and

**WHEREAS,** Employees claim they are owned monies relating to wages and overtime and their termination from employment; and

**WHEREAS,** Employer denies any and all liability asserted by Employees;

**WHEREAS**, on or about February 1, 2011, Machkour initiated a lawsuit against Defendants in the United States District Court For The Southern District Of New York, such case being styled *Machkour v. Epices W. 70th Corp. et al.*, Civil Action File Number 1:11-CV-688-JPO; and,

**WHEREAS**, thereafter, Purzynski initiated a lawsuit against Defendants in the United States District Court For The Southern District Of New York, such case being styled *Purzynski et al v. Epices W. 70th Corp. et al.*, Civil Action File Number 1:11-CV-2572; and,

**WHEREAS**, thereafter, the Machkour case and the Purzynski case were consolidated into a singular case, such case being styled *Machkour v. Epices Inc. et al.*, Civil Action File Number 1:11-CV-688-JPO (the "Lawsuit"); and,

**WHEREAS,** the Employees subsequently amended their complaint to add Epices, Inc. and Ali Naouia as defendants; and

**WHEREAS**, on March 20, 2012, all Parties participated in a lengthy Settlement Conference aided and assisted by Magistrate James L. Cott, at which the parties agreed to salient terms of a settlement as entered into the Court's record;

**WHEREAS**, the Naouia Defendants and the Plaintiffs wish to memorialize the terms of the Settlement herein outlining their respective rights and obligations, recognizing that the other defendants are entering into a separate written agreement similarly outlining their respective rights and obligations;

**WHEREAS**, Employees and the Employer wish to compromise and settle all of their respective claims against the other relating to the Lawsuit

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Employee and Employer hereby agree as follows:

I. **PAYMENT AND CONSIDERATION:**

A. ***Amount & Timing***:   In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the Naouia Defendants agree to issue five equal payments totaling $10,000 over a five month period, the first of which is due on or before April 30, 2012.  More specifically, they agree to issue the following payments

   1. On or before **April 30, 2012**, a check in the amount of **$2,000**

   **2.** On or before **May 31, 2012**, a check in the amount of **$2,000**

   3. On or before **June 29, 2012**, a check in the amount of **$2,000**

   4. On or before **July 31, 2012**, a check in the amount of **$2,000**

   5. On or before **August 31, 2012**, a check in the amount of **$2,000**

B. Payee:  All Checks should be made payable to "**Law Offices of Goldberg & Assoc. PC – IOLA Account**"

C. Characterization

   1. Division as to Plaintiffs and their counsel:

      a. Attorney fees = $3,333.33 (one third) plus $276.67 in out of pocket costs. Of this, $1,249.44 to Goldberg & Dohan, $2,360.56 to Cary Kane.

      b. Machkour = $1,091.14

      c. Purzynski = $5,298.86

   2. Characterization for tax purposes:  The Parties agree that of the portions of the settlement going to the Plaintiffs, 40% shall be deemed to be for alleged back wages owed, and 60% shall be deemed to be for FLSA liquidated damages, NYLL liquidated damages, and New York interest allegedly owed on allegedly unpaid back wages.  Defendant's deny any wrongdoing and claim that all wages paid and all related taxes were withheld and paid to the appropriate authorities.

D. **Delivery**. All checks shall be sent to
        Penn Dodson, Esq.
        GOLDBERG & DOHAN, LLP
        275 Madison Ave., Suite 705
        New York, NY 10016

E. **Disbursement**: Counsel for the Employees agrees to hold the funds described above in trust and not disburse them until such time as the Court approves the settlement or stipulation, as more fully described below.

F. **Escrowed Confession of Judgment**. On behalf of Epices Inc and themselves individually, the Naouias agree to sign the affidavit of confession of judgment attached hereto as Exhibit C for $10,000 plus attorney fees and costs to be determined by the court. This Confession of Judgment shall be delivered no later than the due date of the first payment, to Employee's attorneys. If a payment is not received within 5 calendar days of its due date, counsel for the Employee shall notify the Employers in writing, with delivery by email and/or fax in addition to regular mail. Thereafter, if a payment is late and counsel for the Employee intends to file the confession of judgment in court, counsel for the Employee agrees to provide 7 days advance notice of the intent to file to the Employer. Employer agrees that they will be liable for any attorney fees and/or costs necessitated by the need to enforce this Agreement.

G. **Personal Guarantee**. The Naouias understand and agree that they are responsible for their respective payments specified above.

## II. ADDITIONAL CONSIDERATION BY THE PARTIES:

A. **No Retaliation**. Employer agrees not to engage in any activities against Employees which are in retaliation for his participation in the lawsuit, to the extent required by the FLSA and/or NYLL.

## III. DISMISSAL OF ACTION

A. The parties will cooperate to effectuate the dismissal of the Lawsuit if it is not accomplished automatically. It is agreed that the Agreement will not be filed via Electronic Court Filing ("ECF") unless requested by the Court, and/or may be submitted to the Court for in camera review for purposes of obtaining judicial approval of same should the Court so require.

B. Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on March 20, 2012.

C. Employees agree to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## IV. RELEASE

A. For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Employees knowingly and voluntarily release and forever discharge the Employer from any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Employees ever had or now has against the Employer, related to or with:

1. the lawsuit known as *Machkour et al v. Epices W. 70th Corp. et al.* filed in the United States District Court For The Southern District Of New York, Case No. 1:11-CV-688-JPO;

2. all claims for overtime, minimum wage, and any other claims for wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, or New York Labor Law Minimum Wage Act ("NYLL");

3. all claims related to retaliation contary to the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and/or New York Labor Law Minimum Wage Act ("NYLL");

4. all correlative common law claims associated with nonpayment or underpayment of wages including, but not necessarily limited to, breach of contract, unjust enrichment, or other similar claims.

B. Conversely, Employer, on behalf of their predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys, hereby irrevocably and unconditionally release and forever discharge Employees, their respective predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys, from any and all obligations, claims, demands, actions or causes of action, known or unknown, including those related to his former employment, regardless of whether such were raised in the Legal Action, from the beginning of time to the date of their execution of this Agreement.

## V. MISCELLANEOUS:

A. **Governing Law & Jurisdiction.**   This Agreement shall be governed by and construed in accordance with the laws of the State of New York.  The parties agree that any disputes related to this Agreement shall be subject to the jurisdiction of the State of New York and any proceedings raised shall take place in United States District Court For The Southern District Of New York.

B. **Effective Date.**  This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the Employee's execution of this Agreement.  The parties acknowledge that upon execution of this Agreement by Employees and Employer, it will be binding upon the Employees and Employer and is irrevocable.   Employer further acknowledges that this provision does not abrogate its duty to issue payment to the Employee pursuant to the provisions regarding consideration above.

C. **Entire Agreement.**  This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

D. **Severability.**  Each provision of this Agreement is intended to be severable.  In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. **No Admission of Liability.**  It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

F. **Knowing And Voluntary Waiver And Release:**  The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

G. **Representations**. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

H. **Modification**.   This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

I. **Interpretation**.   Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

J. **Additional Documents and Responsibilities**.   The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party.  The exception to this is that, should Employee or his counsel be forced to enforce this Agreement because of nonpayment in accordance with the provisions set forth above, Employer agrees to pay Employee's reasonable attorney fees for having to do so.

K. **Binding Agreement**.  This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

L. **Counterparts and Facsimile Signatures**.   This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such.  The parties agree that a faxed or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by fax or pdf attachments to emails.

M. **Headings**.  Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

N. **Defined Terms**.   Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

O. **Pronouns**.  Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

P. **Notices**.   Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below.  Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
| Employer | Ali & Dorothy Naouia<br>Epices Inc.<br>459 Essex Avenue<br>Bloomfield, NJ 07003 | (none) |
| Employee | Mehdi Machkour<br>1048 64th Street, 2nd Floor<br>Brooklyn, NY 11219 | Joshua Parkhurst, Esq.<br>CARY KANE, LLP<br>1350 Broadway, Suite 1400<br>New York, NY 10018<br><br>Penn U. Dodson, Esq.<br>GOLDBERG & DOHAN LLP<br>275 Madison Ave.<br>Suite 705<br>New York, NY 10016 |
| Employee | Niall Adams | (same) |
| Employee | Adam Purzynski | (same) |

Q. **Time is of Essence.**  TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO, the Employee and the below representative of Employer set their hand and seal.

_____          8/9/12
Mehdi Machkour                            _____
Employee                                  Date


_____          _____
Adam Purzynski                            Date
Employee


                                          Approved as to form:


                                          _____
                                          Joshua Parkhurst, Esq.
                                          Attorney for Employee


_____          7/16/12
Dorothy Naouia                            _____
For Epices Inc.                           Date


_____          07/16/2002
Ali Naouia, pro se                        _____
In his Individual Capacity                Date


_____          7/16/12
Dorothy Naouia                            _____
In her Individual Capacity                Date

_____
Mehdi Machkour
Employee

08/09/12
_____
Date

_____
Adam Purzynski
Employee

8/7/12
_____
Date

Approved as to form:

_____
Joshua Parkhurst, Esq.
A t t o r n e y   f o r   E m p l o y e e

_____
Dorothy Naouia
For Epices Inc.

7/16/12
_____
Date

_____
Ali Naouia, pro se
In his Individual Capacity

02/16/2002
_____
Date

_____
Dorothy Naouia
In her Individual Capacity

7/16/12
_____
Date

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MEHDI MACHKOUR, ADAM PURZYNSKI,
and NIALL ADAMS,

                                    Plaintiffs,

v.

EPICES, INC., DOROTHEA NAOUAI, ALI
NAOUIA,

                                    Defendant.

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK

COUNTY OF _____NY_____ ss.:

Ali Naouia, being duly sworn, deposes and says:

1.  I am an individually named Defendant in this action and have an address of 459
    Essex Avenue, Bloomfield, New Jersey.   I agree to entry of judgment in the
    County of New York as well as any other court in which it is necessary to enforce
    the judgment.

2.  I am a representative of Defendant Epices, Inc

3.  I hereby confess judgment in this court individually in favor of the Plaintiffs,
    Mehdi Machkour and Purzynski, in the sum of $10,000.00 plus attorneys' fees
    and costs expended over the course of litigation and in pursuance of any
    proceedings related to collection of moneys related thereto to be determined upon
    a fee petition submitted to and decided by the court, together with simple interest
    from the March 20, 2012, computed at a rate of 9% per annum, plus costs and

disbursements, less amounts paid pursuant to the Settlement Agreement dated in or around March 20, 2012, and do hereby authorize the Plaintiffs or assigns to enter judgment for said amount.

4. This confession of judgment is for a debt justly due or to become due pursuant to a settlement agreement between the parties in the matter Adams et al. v. Epices W. 70th Corp. et al, 1:11-CV-688-JPO, a copy of the settlement agreement is attached hereto.


_____                    _07/16/2012_
Ali Naouia                                  Date
In his Individual Capacity

Sworn to before me this _16_ day of _July, 2012_


_____
NOTARY PUBLIC                    JACQUELINE MARRIOTT
My commission expires on:        Notary Public, State of New York
                                 Qualified in Kings County
                                 No. 01MA6016651
                                 My Commission Expires Feb. 24, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MEHDI MACHKOUR, ADAM PURZYNSKI,
and NIALL ADAMS,

                          Plaintiffs,

v.

EPICES, INC., DOROTHEA NAOUAI, ALI
NAOUIA,

                          Defendant.

## AFFIDAVIT FOR CONFESSION OF JUDGMENT

STATE OF NEW YORK

COUNTY OF _____N.Y._____ ss.:

Dorothea Naouia, being duly sworn, depose and say:

1.  I am an individually named Defendant in this action and have an address of 459
    Essex Avenue, Bloomfield, New Jersey.   I agree to entry of judgment in the
    County of New York as well as any other court in which it is necessary to enforce
    the judgment.

2.  I am an officer and owner of Defendant Epices Inc. and am authorized to sign on
    its behalf.

3.  On behalf of both Epices, Inc., and myself individually, I hereby confess
    judgment in this court in favor of the Plaintiffs, Mehdi Machkour and Purzynski,
    in the sum of $10,000.00 plus attorneys' fees and costs expended over the course
    of litigation and in pursuance of any proceedings related to collection of moneys
    related thereto to be determined upon a fee petition submitted to and decided by

the court, together with simple interest from the March 20, 2012, computed at a rate of 9% per annum, plus costs and disbursements, less amounts paid pursuant to the Settlement Agreement dated in or around March 20, 2012, and do hereby authorize the Plaintiffs or assigns to enter judgment for said amount.

4. This confession of judgment is for a debt justly due or to become due pursuant to a settlement agreement between the parties in the matter Adams et al. v. Epices W. 70th Corp. et al, 1:11-CV-688-JPO, a copy of the settlement agreement is attached hereto.

_____          _____
Dorothy Naouia                                                        Date     7/16/12
For Epices Inc.

_____          _____
Dorothy Naouia                                                        Date     7/16/12
In her Individual Capacity

Sworn to before me this 16 day of July, 2012

_____
NOTARY PUBLIC

My commission expires on: _____

JACQUELINE MARRIOTT
Notary Public, State of New York
Qualified in Kings County
No. 01MA6016651
My Commission Expires Feb. 24, 2015